

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2007

# Brown v. Hogsten

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Brown v. Hogsten" (2007). *2007 Decisions.* Paper 1728.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1728

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3521
_____

ROBERT BROWN,
Appellant

v.

WARDEN K. HOGSTEN,
BUREAU OF PRISONS

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-0262)
District Judge: Malcolm Muir

_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2007

Before:  RENDELL, COWEN and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed: January 30, 3007 )
_____

OPINION OF THE COURT
_____

PER CURIAM

    Robert Brown appeals the denial of his habeas corpus petition by the United States

District Court for the Middle District of Pennsylvania.  For the reasons below, we will

affirm the District Court's order.

On March 30, 2000, Brown was sentenced in the United States District Court for the Southern District of New York to a 240 month term of imprisonment, a three year term of supervision, and a felony assessment of $100.00, for conspiracy to commit murder in violation of 18 U.S.C. § 1959 (a)(5). Brown's projected date of release from prison is July 13, 2016, via Good Conduct Time release. On February 3, 2006, Brown filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Brown argued that his continued confinement in prison violated a liberty interest because he should be released to a community correctional center (CCC) to serve the remainder of his sentence. The District Court denied the habeas petition. Brown timely appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). Brown argues that he is eligible for immediate transfer to a CCC pursuant to 18 U.S.C. § 3621(b) and this court's recent decision in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). The District Court concluded that a transfer to a CCC at this time would be premature.

The Bureau of Prisons (BOP) has the authority under § 3621(b) to determine the location of an inmate's imprisonment. The statute not only grants the BOP placement authority, but also lists factors for consideration in making placement and transfer determinations:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The

Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence –

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b). However, the grant of authority in § 3621(b) must be read in conjunction with § 3624(c), which obligates the BOP to prepare prisoners for community re-entry by, inter alia, placing them in community confinement:

(c) Pre-release custody. The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, or the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home

3

confinement.

18 U.S.C. § 3624(c).

In <u>Woodall</u>, we held that the BOP's regulations[1] regarding placement in a CCC were invalid because they

> do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence. And yet, according to the text and history of § 3621, these factors must be taken into account. The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621 (b) for making placement and transfer determinations.

432 F.3d at 244 (footnote omitted). Therefore, we concluded that "the BOP may transfer an inmate to a CCC or like facility prior to the last six months or ten percent of his sentence." <u>Id.</u> at 251. We reminded the BOP that "[i]n exercising its discretion . . ., the BOP must consider the factors set forth in § 3621(b)." <u>Id.</u> However, we noted "that the BOP may assign a prisoner to a CCC does not mean that it must." <u>Id.</u> Rather, the BOP is required "to consider – in good faith" whether to transfer an inmate to a CCC. <u>Id.</u> In making this decision, the BOP should consider all of the factors in § 3621, as well as any other appropriate factors it routinely considers but without reference to the 2002 and 2005 policies. <u>Id.</u>

---

[1] <u>See</u> 28 C.F.R. §§ 570.20, 570.21.

Contrary to Brown's assertions, <u>Woodall</u> does not require his immediate transfer to a CCC to serve the remainder of his sentence. Instead, <u>Woodall</u> prescribes the steps the BOP should take when considering "in good faith" a prisoner's placement in a CCC. The District Court correctly held that Brown is not entitled to immediate placement in any particular facility, including a CCC. <u>See</u> <u>Levine v. Apker</u>, 455 F.3d 71, 80 (2d Cir. 2006).

Brown also argues that the BOP's application of its regulations violates the ex post facto clause. This argument is waived because Brown raises it for the first time on appeal. <u>See</u> <u>Gass v. Virgin Islands Tel. Corp.</u>, 311 F.3d 237, 246 (3d Cir. 2002) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Based on the foregoing, we will affirm the order of the District Court.