

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-10-2007

# Brown v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2648

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Brown v. Nash" (2007). *2007 Decisions.* Paper 453.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/453

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-364                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2648
_____

ROBERT BROWN,

Appellant

v.

JOHN NASH, Warden;
BUREAU OF PRISONS

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-5614)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted For Possible Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before:  BARRY, AMBRO and FISHER, CIRCUIT JUDGES

(Filed: September 10, 2007)
_____

OPINION
_____

PER CURIAM

Robert Brown appeals from the order of the U.S. District Court for the District of New Jersey dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241. We will affirm, albeit for different reasons than those relied on by the District Court.

In 2000, Brown was convicted of conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5) in the U.S. District Court for the Southern District of New York and sentenced to 240 months imprisonment. Presently Brown is projected to be released in 2016. In 2004, while residing at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"), Brown filed a petition for writ of habeas corpus under § 2241 seeking transfer to a Community Correction Center ("CCC") and challenging the Bureau of Prisons' ("BOP's") policy and practice on the designation of federal inmates to CCCs. The District Court concluded that the BOP regulations were valid and rejected Brown's claim. Brown appealed. Shortly after the District Court rendered its decision, this Court issued its opinion in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), in which we found that BOP's regulations were invalid. We remanded Brown's petition in part for reconsideration in light of Woodall.[1]

In the meantime, the BOP transferred Brown to FCI-Allenwood, Pennsylvania. In 2006, Brown filed a new habeas corpus petition under § 2241 in the U.S. District Court

_____

[1]In his habeas corpus petition, Brown also challenged the appellees' decision not to employ him in the Federal Prison Industries. The District Court found that the claim was not cognizable on habeas review, and we affirmed that part of the District Court's decision.

2

for the Middle District of Pennsylvania, again arguing that he should be transferred to a CCC. The District Court disagreed and denied his petition. On appeal, we affirmed the judgment of the District Court, and noted that our opinion in Woodall did not require Brown's immediate transfer to serve the remainder of his sentence in a CCC. See Brown v. Hogsten, No. 06-3521 (3d Cir. Jan.10, 2007) (not precedential opinion). Rather, Woodall described the steps that the BOP should take when it is considering "in good faith" a prisoner's request to be transferred to a CCC. See Woodall, 432 F.3d at 245-46, 250-51. We also noted that Brown was not entitled to immediate placement in any particular facility.

After we issued our opinion, the government filed a supplemental answer to the New Jersey habeas corpus petition that had been remanded, urging the District Court to dismiss the petition as a second or successive petition. The District Court agreed and dismissed the petition. Brown appeals from that order. The appellees have now filed a motion for summary affirmance.

Summary action is warranted when "no substantial question" is presented by the appeal. See 3d Cir. LAR 27.4, I.O.P. 10.6; Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). After reviewing the record, we conclude that there is no substantial question presented and will grant the motion for summary affirmance.

While we do not take issue with the District Court's statement that the abuse of the writ doctrine applies to § 2241 petitions, we do not believe that the doctrine applies here,

3

where the petition at issue (the New Jersey petition) was filed <u>before</u> the other petition (the Middle District of Pennsylvania petition) containing the CCC claim was filed. <u>Cf. Christy v. Horn</u>, 115 F.3d 201, 208 (3d Cir. 1997) (first petition must have been adjudicated on the merits and not dismissed without prejudice in order for second petition to constitute abuse of the writ). Rather, we are persuaded that Brown's CCC claim contained in his habeas corpus petition presently on appeal is barred under the doctrine of issue preclusion.

Issue preclusion, or collateral estoppel, bars relitigation of issues previously adjudicated in a separate action. Issue preclusion applies when four conditions are satisfied: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." <u>Burlington Northern Railroad Co. v. Hyundai Merchant Marine Co., Ltd.</u>, 63 F.3d 1227, 1231-32 (3d Cir. 1995) (citations omitted). Complete identity of parties in the two actions is not required for issue preclusion to apply. <u>Id.</u> at 1232.

All four of the conditions are met here. An examination of the allegations in both habeas corpus petitions reveals that they are essentially identical, except that in the later petition Brown cited <u>Woodall</u>, which issued after the earlier petition. Moreover, Brown's contention regarding transfer to a CCC was conclusively and finally decided in <u>Brown v. Hogsten</u>. Brown has apparently not filed a petition for certiorari in the U.S. Supreme

4

Court, and his time for doing so has now expired. The determination on the CCC issue was certainly essential to the final judgment in Brown v. Hogsten. We are satisfied that Brown's claim in the petition on appeal is now barred by the doctrine of issue preclusion.

For these reasons, we grant the government's motion for summary affirmance and will affirm the judgment of the District Court.